IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00592-REB-MEH

STEVEN ACKERMAN,

       Applicant,

v.

RENE G. GARCIA, Warden, FCI Englewood,

       Respondent.

---

**RECOMMENDATION ON APPLICATION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C § 2241**

---

Pending before the Court is Applicant Steven Ackerman's [Amended] Application for a Writ

of Habeas Corpus pursuant to 28 U.S.C. § 2241 [filed March 23, 2011; docket #5] ("Application").

In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to

this Court for recommendation. The Application is fully briefed, and oral argument would not

materially assist the Court in its adjudication. Based on the record contained herein, the Court

RECOMMENDS that the Application be **denied**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and
file any written objections in order to obtain reconsideration by the District Judge to whom this
case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify
those findings or recommendations to which the objections are being made. The District Court
need not consider frivolous, conclusive or general objections. A party's failure to file such
written objections to proposed findings and recommendations contained in this report may bar
the party from a *de novo* determination by the District Judge of the proposed findings and
recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. §
636(b)(1). Additionally, the failure to file written objections to the proposed findings and
recommendations within fourteen (14) days after being served with a copy may bar the
aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or

## BACKGROUND

On April 9, 2008, Applicant was arrested by the United States Drug Enforcement Agency for possession of methamphetamine. (Docket # 17-1 at 3 ¶ 5.)[2] Applicant was on Wyoming state probation at the time of his arrest. (*Id.*) Thereafter, on June 12, 2008, the State of Utah sentenced Applicant to a 120-day term based on a January 20, 2006, arrest for attempted Illegal Possession of a Controlled Substance. (*Id.*) The State of Wyoming assumed custody of Applicant on August 8, 2008. (*Id.*) On August 22, 2008, the Wyoming state court revoked Applicant's probation and sentenced him to three to five years in the Wyoming State Penitentiary, with 152 days credit for time served. (*Id.* at 3 ¶ 6, 8.)

Applicant asserts that he was indicted on the federal charges stemming from his April 9, 2008, arrest on January 26, 2009. (Docket #5 at 3.) Also on January 26, 2009, the United States Marshals Service ("USMS") issued a Detainer Against Sentenced State Prisoner Based on Federal Arrest Warrant to the Wyoming State Penitentiary, requesting notification prior to Applicant's release from state custody so that the USMS could assume custody of Applicant upon his release if necessary. (*Id.* at 11-12.)

On February 6, 2009, the USMS "borrowed" Applicant from the custody of the State of Wyoming via federal writ. (Docket #17-1 at 4 ¶ 7, 12-13.) Thereafter, on March 9, 2010, the United States District Court for the District of Utah sentenced Applicant to 100 months incarceration for

---

adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

[2]In conjunction with that arrest, the State of Utah sentenced Applicant on April 10, 2008, to a ten-day term for Giving False Information to Police and Driving on Suspension and Revocation. (*Id.*)

Possession of Methamphetamine with Intent to Distribute based upon Applicant's plea of guilty.  (*Id.* at 4 ¶ 8, 15-16.)  The court ordered the 100-month sentence to run concurrently with the State of Wyoming probation violation sentence.  (*Id.*)

On April 9, 2010, the USMS returned Applicant to the State of Wyoming.  (*Id.* at 4 ¶ 9, 12-13.)  Applicant remained in the custody of the State of Wyoming until his Wyoming probation violation sentence was completed on July 29, 2010, at which point the USMS assumed custody of Applicant.  (*Id.* at 4 ¶ 9, 18.)  Applicant currently is serving his federal sentence at the Federal Correctional Institute in Englewood, Colorado.  His projected release date is April 20, 2017, via good conduct time release.  (*Id.* at 21.)  The Federal Bureau of Prisons ("BOP") computed Applicant's sentence as commencing on the date that it was imposed, March 9, 2010.  (*Id.* at 4-5 ¶ 11, 20-21.)  Applicant received prior custody credit of 52 days, representing the period from July 1, 2008 (the day after the completion of his 120-day Utah state term)[3] through August 21, 2008 (the day before the commencement of his Wyoming probation violation sentence).  (*Id.* at 5 ¶ 12, 27-28.)

On March 9, 2011, Applicant, proceeding *pro se*, initiated this action by filing an application seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Docket # 1.)  Thereafter, in response to the Court's Order Directing Applicant to Cure Deficiency (Docket # 3), Applicant filed an [Amended] Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on March 23, 2011 (Docket # 5), utilizing the proper court form.  Applicant asserts one claim in his Application:  that "[t]he F.B.O.P has erred in the application of presentence jail credits that I have earned."  (*Id.* at 4.)

---

[3]It is not clear to the Court why the 120-day sentence imposed by the Utah state court on June 12, 2008, was completed on July 1, 2008.  However, Applicant has not disputed the completion date and the issue is not germane to the present Application in any event.

As relief, Applicant seeks an order directing that the alleged inaccuracies in his sentence calculation be corrected, asserting that he must receive credit against his federal sentence for "all state time from the [date of the] Indictment/detainer[.]" (*Id* at 10.)  Applicant also requests a "formal investigation" into his claims, and an order directing the BOP to "adhere to the rules of the United States District Court and The Rules and policies of The Congress and Congressional Intent" with respect to concurrent sentencing. (*Id.* at 9-10.)  Applicant further requests that this Court hold an evidentiary hearing on his Application, and that counsel be appointed to represent him. (*Id.* at 9.)

In response, Respondent contends that "Applicant's federal sentence began to run on the date he was sentenced," March 9, 2010, "not on the date he was indicted or received notice of the indictment." (Docket # 17 at 5.)  Respondent further contends that Applicant "is not entitled to any additional credit for any time credited against his Wyoming sentence prior to March 9, 2010." (*Id.* at 6.)  Accordingly, Respondent argues that the Court should deny Applicant's Application. Applicant filed a timely reply brief in support of his Application, titled as a "Counter Claim." (Docket # 18.)

## LEGAL STANDARD

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers.  [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  The court should not be the *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

4

A Section 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Thus, Applicant's challenge to the computation of his federal sentence was properly made in a 28 U.S.C. § 2241 habeas application, and the Application was properly filed in the District of Colorado, where Applicant is incarcerated.

## ANALYSIS

## I.   Applicant's Federal Sentence Began to Run on March 9, 2010

The BOP computed Applicant's federal sentence using a commencement date of March 9, 2010, which was the date that the sentence was imposed by the United States District Court for the District of Utah.   Applicant appears to assert that his sentence should have been computed as commencing on January 26, 2009, the date of his indictment and the issuance of the USMS detainer.[4] (*See* Docket #5 at 5 ("my F.B.O.P. sentence begins [sic] date should reflect the start date at the time of the Indictment/detainer[.]").)

---

[4]Applicant contended in the BOP administrative proceedings that his sentence should have commenced on February 5, 2009, the date that he was notified of his indictment.  (Docket # 5 at 15).

5

Under 18 U.S.C. § 3583(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." BOP Program Statement (PS) 5880.28[5] provides that "**[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it was imposed.**" (Docket # 17-1 at 24 (emphasis in original).) "[T]he sentence commences on the date of imposition, even if a state sentence is running along concurrently." (*Id.* at 23.) "Logically, [the federal sentence] 'cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" *Demartino v. Thompson*, 1997 WL 362260, *2 (10th Cir. July 1, 1997) (quoting *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)). Applicant has provided no authority to support his contention that his federal sentence commenced on the date of the federal indictment and detainer, rather than on the date of the sentence's imposition, and the Court has located none. The BOP properly calculated Applicant's federal sentence as commencing on March 9, 2010, the date that the sentence was imposed.

## II.    Applicant is not Entitled to Credit Against his Federal Sentence for Time Previously Credited Against His Wyoming State Sentence

Applicant contends that he should have received credit against his federal sentence for the period between the date of his federal indictment, or the date that he received notice of that indictment

---

[5]A Program Statement is an "internal agency guideline" which is "akin to an 'interpretive rule,'" and is entitled to some deference where it is a "permissible construction of the statute." *Reno v. Koray*, 515 U.S. 50, 61 (1995) (quoting *Shalala v. Guernsey Mem. Hosp.*, 514 U.S. 87, 99 (1995) and *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.* 467 U.S. 837, 843 (1984)).

(January 26, 2009, or February 5, 2009),[6] and the date that his federal sentence was imposed (March 9, 2009), because he was in the custody of the State of Wyoming during that period of time awaiting his federal transport and disposition.  However, that period of time was credited against Applicant's Wyoming state sentence, which was completed on July 29, 2010.  (Docket # 17-1 at 4 ¶ 9, 18.)  Under 18 U.S.C. § 3585(b), a federal prisoner may only be given credit for time spent in prior official custody if that time "has not been credited against another sentence."  18 U.S.C. § 3585(b); *see also O'Bryan v. Wiley*, 2008 WL 154419, *1 (10th Cir. Jan. 17, 2008) (district court was "undeniably correct" in determining that federal prisoner was not entitled to credit for time served prior to the commencement his federal sentence because that time was credited against previous sentences).  Because the period that Applicant served in Wyoming state prison between the date of his federal indictment and the date that his federal sentence was imposed was credited against his Wyoming state sentence, it cannot also be credited against his federal sentence.  *See United States v. Wilson*, 503 U.S. 329, 337 (1992) ("[C]ongress made clear [in enacting § 3585(b)] that a defendant could not receive a double credit for his detention time.").

Applicant cites to *United States v. Richardson*, 901 F.2d 867 (10th Cir. 1990), in support of his argument that the time that he served in Wyoming state prison after his federal indictment but prior to the imposition of his federal sentence should have been credited against his federal sentence. Although the defendant in *Richardson* did receive credit against his federal sentence for time spent in state custody, the defendant's state time had never been credited against another sentence.  *See id.* at 870 (noting that the state charge was dropped).  Thus, *Richardson* does not indicate that time which

---

[6]It is unclear which date Applicant is asserting as the starting date.

7

has been credited against one sentence can also be credited against a later federal sentence. The court has located no authority so holding.

Applicant also argues that because the time that he served in Wyoming state custody after his federal indictment but before the imposition of his federal sentence was not credited against his federal sentence, his federal sentence was never treated as running concurrently with his state sentence. However, Applicant's federal and state sentences did run concurrently, from March 9, 2010, the date that the federal sentence was imposed, until July 29, 2010, the date that the Wyoming state sentence was completed. (*See* Docket # 17-1 ¶¶ 9, 11.) "[A] federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with *the remainder* of the one then being served." *Demartino,* 1997 WL 362260 at *2 (emphasis in original). After Applicant's state sentence was completed on July 29, 2010, he was transferred to federal custody to serve the remainder of his federal sentence. (*See* Docket # 17-1 at 18.) Applicant's federal sentence could not have started to run concurrently with his state sentence on the date of his federal indictment because, again, his federal sentence had not commenced at that point. The two sentences ran concurrently during their period of overlap, in compliance with the federal district court's concurrent sentencing order.

## III.   Evidentiary Hearing

Applicant requests "that an 'Evidentiary Hearing' be scheduled" on his Application. (Docket # 5 at 5.) Generally, an applicant is "entitled to an evidentiary hearing if his allegations, if true and not contravened by the record, entitle him to habeas relief." *Walker v. Gibson*, 228 F.3d 1217, 1231 (10th Cir. 2000); *see also* 28 U.S.C. § 2254(e)(2) (limiting the circumstances under which a court

reviewing a habeas corpus petition can conduct an evidentiary hearing).  Applicant's material factual allegations (as distinguished from his legal arguments) are not disputed by Respondent, and, taken as true, those factual allegations do not support habeas relief.  Applicant has not identified any factual issues presented by his Application that could be illuminated by an evidentiary hearing.  Thus, his request for an evidentiary hearing will be denied.

## IV.   Appointment of Counsel

Applicant also requests "that an attorney be appointed to represent me and my issues." (Docket # 5 at 9.)  Although indigent civil litigants have no constitutional or statutory right to be represented by a lawyer, *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983), pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Whether to appoint counsel for an indigent prisoner in a civil case is left to the sound discretion of the trial court.  *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).  "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision [to deny the appointment of counsel] be overturned."  *Id.* (quoting *McCarthy*, 753 F.2d at 839)).  In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of [the litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims."  *Id.*

After carefully considering the applicable factors, the Court concludes that an appointment of counsel is not warranted in this case. The Court has construed Applicant's *pro se* filings liberally, but has nonetheless determined that Applicant's claims and arguments lack merit, for the reasons discussed above. The facts relevant to the Application are not unusually complex, and Applicant has been able to investigate and present the pertinent facts to the Court. Applicant has clearly articulated his legal claims and arguments without the assistance of counsel, explaining his theories and reasoning. In sum, Applicant has adequately presented his case *pro se*. Thus, the Court declines to appoint counsel to represent him on this Application.

## CONCLUSION

The BOP properly calculated Applicant's federal sentence as commencing on the date of its imposition, March 9, 2010. Additionally, Applicant was not entitled to credit against his federal sentence for his time served in Wyoming state custody between the date of his federal indictment and the date of his federal sentence because that time was credited against his Wyoming state sentence. Accordingly, the Court RECOMMENDS that the District Court **deny** Applicant Steven Ackerman's [Amended] Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [filed March 23, 2011; Docket #5].

Dated at Denver, Colorado this 19th day of August, 2011.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge